### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA TUCKER,<br><br>            Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>            Defendant. | Case No. 06-CV-596-FHM |

### ORDER

Plaintiff, Donna Tucker, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's July 31, 2003, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Stephen C. Calvarese was held February 24, 2005. By decision dated March 30, 2005, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on September 14, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 57 years old at the time of the hearing. She has a high school education and formerly worked as office manager, loan clerk, secretary, and receptionist. She claims to have been unable to work since March 24, 2002, as a result of right shoulder rotator cuff tear, degenerative disc disease, arthritis, memory loss, and obesity. The ALJ determined that for the period on and before the date last insured (December 31, 2003) Plaintiff was able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, she was able to stand and/or walk for 6 hours of an 8-hour workday, making her capable of performing the full range of light exertional work. [R. 22].[2] The ALJ found that Plaintiff's past relevant work, both as she performed it and as generally performed in the national economy, is not precluded by her limitations. Since Plaintiff is able to return to her past relevant work, the ALJ found that she is not disabled.

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to determine that Plaintiff's psychological impairment was severe; violated the treating physician rule; and failed to include all of Plaintiff's impairments in the residual capacity finding. The Court finds that

---

[2] The Administrative Record is found at Docket No. 16.

the record does not support the denial of benefits on the ALJ's stated rationale and, therefore the case must be REVERSED and REMANDED for further proceedings.

The ALJ found Plaintiff did not have a severe mental impairment. [R. 18]. A non-severe mental impairment is one which does not significantly limit Plaintiff's mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). The ALJ noted Plaintiff's diagnosis of having a depressive disorder and that she was prescribed medication for her symptoms. He relied upon the October 28, 2003, consultative psychological examination to support his finding that Plaintiff's mental impairment was non-severe. He noted the examiner's rating of Plaintiff's Global Assessment of Functioning (GAF) at 75 and the comment that Plaintiff displayed a tendency to exaggerate her symptoms and may be malingering. [R. 18, 278].

Although the examiner suspected Plaintiff of exaggerating, the report concluded that "[t]he results of the Mental Status Examination indicate Donna is somewhat limited in her ability to perform work related mental activities, such as understand, remember, sustain concentration, and persist at the present time because of her symptoms of depression." [R. 278]. Further, the examiner noted some aspects of Plaintiff's mental status were good, but that her concentration, persistence and pace were only fair. *Id.* The record confirms the existence of anxiety, depression, and major depression. [R. 314, 333, 344, 354, 358, 359, 361]. These references cover a span of time from late January 2003 to November 2003. The record thus suggests the existence of mental limitations that the ALJ neither addressed nor included in the RFC. Therefore the medical record does not support the ALJ's determination that there were no work-related limitations attributable to Plaintiff's mental condition.

3

The residual functional capacity (RFC) finding did not include any limitations related to weakness in Plaintiff's right arm. There are numerous references in the medical record that tend to support Plaintiff's claim that her ability to use the computer is limited. When the surgeon who performed the rotator cuff repair surgery released Plaintiff on October 7, 2002, to full activity, she noted Plaintiff had pain related to "significant weakness." [R. 241]. Nearly a year later, on September 9, 2003, a CT scan of the cervical spine was performed to investigate Plaintiff's continued complaints of arm pain, numbness and difficulty turning her head. That scan revealed minimal foraminal encroachment of C 5-6, but severe encroachment of C 6-7 due to spurring. [R. 332]. Chronic degenerative disc disease was identified. [R. 439]. In addition, an arthritis panel was run in August 2003, due to Plaintiff's continuing complaints of pain. [R. 340]. On remand, limitations suggested by these records should be considered in formulating Plaintiff's RFC.

The Court rejects Plaintiff's assertion that the ALJ failed to properly consider the treating physician's opinion. An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). The ALJ stated that Dr. Chesbro's February, 2005 opinion was dated well after the date last insured. He further stated that the limitations contained therein were somewhat inconsistent with an earlier written opinion which contained fewer functional restrictions. [R.

4

20]. The Court finds that the ALJ adequately explained the basis for rejecting Dr. Chesbro's opinion.

Based on the foregoing analysis, the case must be REVERSED and the case REMANDED for further proceedings consistent with this Order.

SO ORDERED this 7th day of February, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE